No. 11,209.

THOMPSON *v.* ALLEY.

Decided June 29, 1925.

Action for broker's commission on sale of real estate. Judgment for defendant.

*Affirmed.*

1.   WORDS AND PHRASES—*Sale.* An exchange of properties, incumbered on both sides, is not a sale.

2.   BROKERS—*Real Estate—Commission.* Under a contract providing a broker's commission for a *sale*, the broker is not entitled to such commission where there is an *exchange* of properties incumbered on both sides, but is limited to compensation on quantum meruit.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. HONAN & COOK, for plaintiff in error.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. HAROLD G. KING, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover a commission for the sale of real estate. Plaintiff was nonsuited. Judgment for defendant. Plaintiff brings the case here for review, and applies for a supersedeas.

The question presented is whether plaintiff, as broker, suing on a contract to pay a commission for the *sale* of property, is entitled to recover upon proof that the property was not sold for cash, but upon different terms,

as hereinafter appears in this case. The trial court granted defendant's motion for a nonsuit upon the ground that "there was an exchange of property for property, which is not a sale."

The complaint alleges that while plaintiff was a tenant "not to exceed $7,750, "for defendant's Dahlia street residence, defendant employed plaintiff to assist him in the sale of the premises, and agreed that "in the event of the sale of said property," he would pay a commission of 5 per cent of the first $5,000 and 2½ per cent on the excess of the first $5,000. The complaint further alleges that the services were performed, resulting in a sale of the property to one Mrs. Lillian B. Austin for the consideration of $8,500, entitling plaintiff to a commission of $337.50.

Plaintiff's exhibit "B" is the contract procured by defendant from the alleged purchaser. In this contract Mrs. Austin agrees "to trade the furniture and furnishings" of certain hotel property, incumbered by a chattel mortgage "not to exceed $7,750, "for defendant's Dahlia street residence, incumbered by two mortgages aggregating $4,700, and also for the furniture and furnishings of an apartment, upon which Mrs. Austin is to give back a chattel mortgage in the sum of $2,500.

Pursuant to this contract a deed was given to Mrs. Austin for defendant's Dahlia street property. The deed recites incumbrances in greater amount than that mentioned in the contract. They aggregate $5,700. There is evidence that the grantee assumed them. Plaintiff argues that as the assumption of an incumbrance has been held the equivalent of a cash payment, the transaction should be treated as a sale whereby Mrs. Austin was paying the sum of $5,700 in cash, and that she is entitled to a commission upon this amount at least. This argument is not applicable. If she assumed these incumbrances, defendant had to take the apartment incumbered by a chattel mortgage to the possible extent of $7,750. When the parties exchanged property, they exchanged the re-

spective incumbrances also. No money was transferred, or agreed to be paid, by the vendee to the defendant, or by defendant to his vendee. We are unable to conclude that the transaction should be considered a sale. An exchange of properties, incumbered on both sides, is not a sale. If plaintiff performed services, she was entitled to compensation upon a *quantum meruit*, but not upon the contract herein sued on.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.