## BLACKBURN v. BOZO

No. 5208. Decided November 8, 1933. (26 P. [2d] 542.)

*John A. Sneddon,* of Ogden, for appellant.
*Stuart P. Dobbs,* of Ogden, for respondent.

FOLLAND, J.

This action is by plaintiff, a real estate broker, to recover a commission on the sale of real estate. Plaintiff in his complaint alleges a contract in writing with defendant of date July 31, 1929, whereby plaintiff agreed to list for sale certain property in Ogden, Utah, designated as No. 2000 Jackson avenue, to be sold for $5,500, payable $500 down and $50 monthly until principal and interest are paid, and defendant agreed in writing to grant plaintiff the exclusive right to sell the property, make a contract of sale therefor, and that, if plaintiff should procure a purchaser for the listed property "ready, willing and able to take it on said terms or any other terms that might be agreeable to defendant, or that if the said defendant should sell said property at any time during a period of sixty days subsequent to the termination of such agreement to any person who had been solicited by plaintiff to purchase said property," defendant would pay plaintiff, in consideration of the listing and services in connection with endeavoring to secure a purchaser, a commission of 5 per cent of the authorized selling price,

if sale was not made, or of the actual selling price if sale was made, and would also pay suit costs and attorney fees in the event suit was brought to recover the commission. That on or about August 5, 1929, plaintiff found a purchaser, the Boyd Lumber Company, which was ready, willing, and able to purchase the listed property in accordance with terms satisfactory to defendant, and set out an exchange agreement signed and executed by defendant and the Boyd Lumber Company wherein and whereby the parties agreed to exchange certain properties. Defendant's property at No. 2000 Jackson avenue was included in the exchange agreement at a valuation of $5,000, and it was therein agreed that W. J. Blackburn, plaintiff herein, was authorized to act as agent for both parties, and each party agreed to pay such agent two-thirds of 5 per cent commission on his or its property for services rendered. The prayer demands judgment for $166.67 commission, which is two-thirds of 5 per cent on the listed property valued at $5,000, notwithstanding other property of defendant was also included in the exchange agreement, and $60 attorney fee.

Defendant answered, admitting the making of the listing agreement as alleged, and the "terms and provisions of all of the exchange agreement," denied other allegations, and affirmatively alleged that the Boyd Lumber Company refused to purchase the listed property for $5,500; that defendant refused to sell such property for less than $5,500; that the Boyd Lumber Company refused to accept one of the pieces of property, described as the Owens residence, included in the exchange agreement, and such agreement was never consummated; and that later, through another agent, an exchange of properties, except the Owens residence, was effected on the values stated in the exchange agreement, but that plaintiff had covenanted and agreed not to charge defendant a commission fee in connection with such final exchange, and that defendant would not have made the trade if plaintiff had not agreed to charge no commission.

Plaintiff filed a reply denying the affirmative allegations of the answer. After trial, the court made findings of fact, conclusions of law, and entered judgment for plaintiff for the amount of commission and attorney fees prayed for. Defendant appeals.

Appellant assigns error of the trial court in the overruling of his general demurrer to the complaint, denying the motion for a new trial and the making of certain findings of fact. The important question presented by these assignments is whether or not plaintiff can recover under ■ the listing agreement, where the property was not sold for cash but exchanged for other property. Appellant contends the listing agreement contemplated a sale for cash only, and that an exchange of properties or contract for exchange is not such compliance therewith as to entitle the broker to a commission. In support of his contention, he cites and relies on the following cases: *Mifflin* v. *Shiki*, 77 Utah 190, 293 P. 1; *Watson* v. *Odell*, 58 Utah 276, 198 P. 772, 20 A. L. R. 280; *Thompson* v. *Alley*, 77 Colo. 598, 238 P. 62.

A careful reading of the cited cases will disclose that the contracts involved are clearly distinguishable from the one before us. The feature of the contract signed by defendant which takes it out of the rule announced in the above cases is the provision, "If you procure a purchaser for said property ready, willing and able to take it on said terms *or any other terms that may be agreeable to me* * * * I will pay you * * * a commission," etc., the part we have italicized not being found therein. Appellant says, however, that the provision "or any other terms that may be agreeable to me" has reference only to "different cash terms agreeable to defendant." We think the language not susceptible of that meaning. The true meaning of the provision turns on a definition of the word "terms," which is said in 38 Cyc. 184, "in its plural form, in its restricted and legal sense, and as used chiefly in reference to contracts," to signify "the conditions, limitations, and propositions which com-

prise and govern the acts which the contracting parties agree expressly or impliedly to do or not to do; conditions, propositions stated, or provisions made, which when assented to or accepted by another, settle the contract and bind the parties." *Hurd* v. *Whitsett,* 4 Colo. 77; *Platter* v. *Elkhart County,* 103 Ind. 360, 2 N. E. 544.

The provision "any other terms that may be agreeable to me" is therefore broad enough in its scope to include an exchange of properties where the owner of listed property agrees to such exchange.

We have here an original contract of employment pursuant to which a purchaser was found for the listed property. Other and different terms were agreed to than provided for the sale in the original contract, whereby an exchange of not only the listed property but other properties of defendant were involved. The valuation of the property was expressly stated, and defendant agreed that the plaintiff should act as agent for both parties, and agreed to pay him, under the modified terms, a commission of only two-thirds of 5 per cent. on such valuation.

On the issues of whether the Boyd Lumber Company was ready, willing, and able to perform its obligations under the exchange agreement, and as to the waiver of commission by plaintiff, the court made findings of fact contrary to defendant's contentions. There is sufficient competent evidence in the record to support such findings, and they will not be disturbed.

Some of the assignments of error are presented in appellant's brief in such abbreviated form as to justify us in ignoring them. The following is an illustration:

"Assignments of error Nos. 8, 9, 10, 11, 12, 13 and 14 are all based on the erroneous rulings of the court on the testimony given by the witnesses and said rulings were prejudicial to defendant's rights therein."

It is sufficient to say we have examined the record and find no reversible error.

The judgment of the district court of Weber county is affirmed; costs to respondent.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.